BOWLING, Justice, for the Court:
This appeal from the Chancery Court of Claiborne County involves an initial controversy within the county school board which developed into a controversy between a majority of the board and the appellant, Mississippi State Board of Education.
Appellee, Claiborne County School Board, through its members, filed a bill of complaint for injunction against the State Board of Education and its agency, the Accreditation Commission, asking that the chancellor mandatorily enjoin the defendants [appellants here] from placing the county school board on accreditation probation. The lower court found that the petition for injunction should be granted and issued its decree ordering that defendants “shall restore unto the Claiborne County School District, Claiborne County, Mississippi, the status of accreditation without qualification or without probation.”
It appears that the controversy began when one Bennie Knox, then chairman of the county board and still a member, complained to the state board that he had been intimidated by other persons regarding his vote at the board meetings. A hearing before the state board and the Accreditation Commission resulted in the placing of the Claiborne County Board on probation only so far as accreditation was concerned.
Appellant state board advances several assignments of error. There is need only to consider one as it disposes of the appeal. Appellants contend that the filing of the suit was void for the reason that the board did not follow the mandates of Mississippi Code Annotated section 37-5-27 (1972) regarding the authority of the board to act at a special meeting thereof. At the time of the trial in the lower court and at the time *489 of the filing of the suit, the chairman of the county board had changed from Bennie Knox to Jimmy Smith.
The situation regarding the instigation of the cause is undisputed. Chairman Jimmy Smith testified that the matter of filing the suit and employing attorneys was taken on January 11, 1979, at a special meeting of the county board. The testimony of Chairman Smith on this point was as follows:
Q. I hand you this document and ask if you can identify it, please?
A. It’s an agenda, the agenda that was used for the January 2, 1979 meeting.
Q. Do you know if all the items that were on that agenda were covered at that particular meeting?
A. To some degree. They were either discussed or they were put in forms of a motion and if in some instances we take items that we don’t fully cover, that we take additional time with, then we carry them over to the next meeting or a special meeting.
Q. I ask you to examine that document and do you see an item listed “Accreditation”?
A. Yes.
Q. Do you recall whether or not that item was covered at that particular meeting?
A. It was discussed, to my knowledge, and it was carried over from the 2nd to the — I think it was the January 4th or January 11th meeting, I’m not sure.
Q. Okay. Would that have been a special meeting?
A. It would have been.
Q. I hand you the minutes and ask you to review the minutes of January 11, 1979, and ask you if that refreshes your recollection as to the specificity of the time that the accreditation was discussed?
A. I think it does.
Q. All right. Do you recall the nature of the discussion regarding the accreditation at that particular meeting? And what accreditation are we talking about?
A. Okay. Our concern was to clear up the accreditation as brought forth by the State Accreditation Commission based on the fact that if we cleared the State Accrediting Commission’s allegation up that the Southern Association’s Accreditation would automatically be moot based on the fact that it was brought about because of the allegation and the probationary status by the State of Mississippi.
Q. At that time was a motion made to empower the attorney that was representing the Board of Education to take the necessary steps to clear this matter up, including litigation?
A. Yes.
Q. Who made that motion, Mr. Smith? A. According to my recollection I think I made it.
The notice calling the special meeting for January 11, 1979, was introduced in evidence. It was dated January 8, 1979, and read as follows:
The Claiborne County Board of Education will hold a Special Meeting on January 11, 1979 at 6:00 p. m. in the County Superintendent’s Office for the purpose of discussing and acting on the following items:
1. School Sponsored Out-of-Town Trips
2. Approval of Coaching Position for One (1) Year
3. Approval of Athletic Director, Mr. Mason Denham
4. Employee Benefits and Student Activities
5. Collection of Fees Following:
a. Transcripts.
b. Medical Supplies
c. Report Cards
d. Donations
e. Homecoming
f. Others (So. Assoc. Maint. Personnel Security Personnel)
6. Reading Program
*490 The Agenda consists of the above items listed for discussion and action by the Claiborne County School Board. Remember, the Board’s tour of the schools is set for 10:00 a. m., January 10, 1979, leaving from the Superintendent’s Office.
Sincerely,
/s/ John C. Noble
Superintendent of Education
The minutes of the January 11th special meeting pursuant to the above call were introduced in evidence and among other actions provided as follows:
It was moved by Mr. Smith and seconded by Mr. Yarbrough to have the accreditation or probation cleared up. Three voting for the motion, Mr. Smith, Mr. Currie, Mr. Yarbrough, Mr. Knox abstained.
The provisions of Mississippi Code Annotated section 37-5-27 (1972) are clear. First, it provides for regular monthly meetings and that “at any regular meeting the county board of education may transact any business authorized by law.” The section then specifically provides as follows:
Special meetings of the county board of education shall be convened and held at such times and in such places as the president may appoint by notice given to each member of the board. The call or notice of such special meeting shall specify each matter of business to be transacted thereat, and at such special meeting the county board of education shall not transact any business not so specified in such call or notice of such meeting.
The legislature in its wisdom had good reason to make the above specific prohibition. The statute mandates regular board meetings on statutorily specified dates and provides that if the regular meeting is changed, such change shall be published in a newspaper having general circulation in the county notifying the public of the change in order that the public may attend if they desire. No newspaper notice is required for the call of a special meeting which could be entirely in secret. Therefore, it is obvious why the legislature mandated that no business could be transacted except that listed in the official call for the meeting.
It is inescapable that the admitted discussion and authorization of the suit in question at the special meeting was completely void and action taken thereunder has no effect. On the direct appeal, therefore, the cause is reversed and rendered and the suit is dismissed with all costs taxed to appel-lees.
Appellees attempt to perfect a cross-appeal, contending that the statute under which the State Board of Education, through its Accreditation Committee action, was unconstitutionally vague, and contrary to the due process provisions of the United States and the Mississippi Constitutions. This issue was not included in the prayer of the bill of complaint and was not presented to the lower court. No consideration whatever of this issue was given by the lower court in its opinion and decree. Therefore, appellees are without standing to present it here, and the cross-appeal is dismissed.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.